IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MATTHEW KARL MONTGOMERY                                      PLAINTIFF

V.                          CASE NO. 4:11CV00577 JLH/BD

BRUCE PENNINGTON, *et al.*                                   DEFENDANTS


RECOMMENDED DISPOSITION

I.      Procedure for Filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United

States District Chief Judge J. Leon Holmes.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:


>       Clerk, United States District Court
>       Eastern District of Arkansas
>       600 West Capitol Avenue, Suite A149
>       Little Rock, AR 72201-3325

## II.    Background:

Plaintiff Matthew Karl Montgomery, an inmate formerly housed at the Saline

County Detention Center ("Detention Center"), filed this action pro se under 42 U.S.C.

§ 1983.  Mr. Montgomery raised a variety of claims in his original complaint.  Because he

did not provide enough information to support each of the claims that he raised, however,

he was instructed to file an amended complaint.

In his amended complaint, Mr. Montgomery complains only that Defendants acted

with deliberate indifference to his serious medical needs, and that is the only claim

pending in this lawsuit.

Defendants have moved for summary judgment on Mr. Montgomery's deliberate

indifference claim.[1]  (#25)  He has not responded to the motion, and the time to respond

has passed.

---

[1] Defendants argue that they are entitled to qualified immunity, but because the Court finds that Mr. Montgomery's claims fail as a matter of law, the Court does not address the qualified immunity argument in this Recommendation.

Based on the evidence presented, the Court recommends that the motion for summary judgment (#25) be GRANTED.  Mr. Montgomery's claims should be DISMISSED with prejudice.

### III.    Discussion:

A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial.  *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the nonmoving party cannot present enough evidence to establish a necessary element of his or her case, the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

B.      Deliberate Indifference to a Serious Medical Need

The Eighth Amendment protects prisoners from "acts or omissions sufficiently

harmful to evidence deliberate indifference to [an inmate's] serious medical needs."[2]

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).  However, a failure to provide

medical care to prisoners rises to a constitutional violation only where a plaintiff shows

that he suffered an objectively serious medical need and that the prison officials actually

knew of the need, but deliberately disregarded it.  *Hines v. Anderson*, 547 F.3d 915, 920

(8th Cir. 2008) (quoting *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997)).  To prevail,

Mr. Montgomery must prove more than that the Defendants were negligent – more even

than that they were grossly negligent.  *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir.

2006) (citing *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

When the claim concerns a delay in receiving medical treatment, an inmate

plaintiff  must come forward with medical evidence to show that a delay caused

objectively serious harm.  *Schoelch v. Mitchell*, 625 F.3d 1041, 1047 (8th Cir. 2010)

(citing *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995); *Aswegan v. Henry*, 49

_____

[2] Because Mr. Montgomery was a pre-trial detainee at the time of the events giving rise to this lawsuit, deliberate indifference is the appropriate standard.  See *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006) (holding that the Eighth Amendment deliberate indifference standard of culpability is appropriate for all claims that prison officials failed to provide pretrial detainees with adequate food, shelter, medical care, and reasonable safety).

F.3d 461, 464 (8th Cir. 1995)).  Here, Mr. Montgomery has not met his burden with

respect to any of the Defendants.

On April 21, 2011, Mr. Montgomery was booked into the Detention Center.  (#25-1 at p.18)  During the intake process, he informed Detention Center staff members that he had a staff infection and was diabetic.  (#25-1 at p.19)

Shortly after Mr. Montgomery arrived at the Detention Center, he submitted an inmate request form asking to be evaluated by a doctor.  (#25-2 at p.16)  He stated that neither his blood pressure nor his blood sugar level had not been checked since his arrival at the Detention Center.  (#25-2 at p.16)  Despite the fact that Mr. Montgomery had already notified Detention Center staff upon his arrival that he was diabetic, a Detention Center staff member responded to Mr. Montgomery's subsequent inmate request by telling him to, "[h]ave your family bring your medicine up to the jail.  You haven't requested to be checked nor stated any of these 'medical' problem[s] on your health questionnaire."  (#25-2 at p.16)  However in spite of this, on the same day that Mr. Montgomery received this response, Detention Center staff members began monitoring both his blood pressure and blood sugar levels.  (#25-2 at pp.32-34 and #25-2 at pp.38-52)

In May of 2011, Mr. Montgomery began complaining that he was not being provided sufficient nutrition to maintain a healthy blood sugar level.  (#25-1 at p.35)  In response to this complaint, a Detention Center staff member informed Mr. Montgomery

that the "caloric count is mandated by [the] State Board of Health."  (#25-1 at p.35)  Two

months later, Mr. Montgomery made a similar complaint and requested a double ration of

food.  (#25-2 at p.5)  He was once again told that the caloric intake for meals met the state

standard and that if he needed a special diet, he would need a doctor's prescription.  (#25-

2 at p.5)

On July 9 and July 15, Mr. Montgomery made similar complaints, explaining that

he had lost over fifty pounds since his arrival at the Detention Center.  (#25-2 at p.6 and

#25-2 at p.22)  In response to his July 9 request, he was informed that he was not eligible

for bed rest.  (#25-2 at p.22)  In response to his July 15 request, Mr. Montgomery was told

that his meals met established nutritional standards and that, although on one occasion his

cereal had been "shorted by mistake," he was provided an extra sandwich at the noon

meal to compensate.  (#25-2 at p.6)

Mr. Montgomery also requested medical attention for a staff infection while

housed at the Detention Center.[3]  (#25-2 at p.18)  The day after he notified Detention

Center personnel of this condition, he was given prescription medication, which he took

through July of 2011.  (#25-2 at p.29; #25-2 at pp.40-49)

---

[3] Mr. Montgomery submitted multiple grievance forms complaining about his staff infection and the Detention Center's re-use of inmate mats.  (#25-2 at pp.20, 21, 24)  He has not presented any evidence, however, that he developed a staff infection as the result of using an un-sanitized inmate mat.

Mr. Montgomery received other medical attention while at the Detention Center. On August 10, 2011, he complained of dry scalp. Two days later, he was prescribed medication to treat this condition. (#25-2 at p.28) He was taken to the Health Department for blood draws and tests while housed at the Detention Center. (#25-1 at p.55) Although Defendants did not provide Mr. Montgomery's lab results, between September 10 and September 19, Mr. Montgomery was provided a prescription for Cephalexin, an antibiotic. (#25-2 at pp.52-55)

On September 24, 2011, Mr. Montgomery submitted an inmate request form claiming that he was "extremely depressed." (#25-2 at p. 14) Several days later, he was seen by a doctor and prescripted Paxil, an anti-depressant. (#25-2 at p.28)

Finally, on September 29, 2011, Mr. Montgomery complained of severe pain due to a broken tooth. (#25-2 at p.15) He was informed that the dentist was out for the week, but that he would be contacted upon his return. (#25-2 at p.15)

Based on the undisputed evidence presented, it appears that Mr. Montgomery received prompt medical treatment each time that he submitted an inmate request or grievance form. Mr. Montgomery is obviously not be pleased with the medical treatment that he received, but he cannot credibly claim that Detention Center officials were deliberately indifferent to his medical needs.

Although Mr. Montgomery claims that he suffered extreme weight loss while housed at the Detention Center, he has not provided any evidence to support this

allegation; nor has he provided any medical documentation showing that his health concerns required that he receive a special diet.  The loss of weight, standing alone, does not show that he was receiving inadequate nutrition.

## IV.    Conclusion:

The Court recommends that the motion for summary judgment (#25) be GRANTED.  Mr. Montgomery's claims should be DISMISSED, with prejudice.  The evidentiary hearing scheduled for April 10, 2012 is CANCELLED.

DATED this 13th day of March, 2012.

_____

UNITED STATES MAGISTRATE JUDGE